# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| CONNOR WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| PI KAPPA PHI FRATERNITY; ) | |
| JAKE HENDERSON; RYAN ) | |
| LUGABIHL; SARA PERRY; and, ) | JURY DEMAND |
| BLAKE RASNAKE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, CONNOR WILSON, hereby files this Complaint against Defendants, PI KAPPA PHI FRATERNITY, JAKE HENDERSON, individually and in his capacity as an officer and/or agent of Pi Kappa Phi Fraternity, RYAN LUGABIHL, individually and in his capacity as an officer and/or agent of Pi Kappa Phi Fraternity, SARA PERRY, individually and in her capacity as an officer and/or agent of Pi Kappa Phi Fraternity and, BLAKE RASNAKE, individually and in his capacity as an officer and/or agent of Pi Kappa Phi Fraternity, asserting claims against Defendants under Alabama law for libel/defamation, slander/defamation and false light invasion of privacy, seeking monetary damages incurred by Plaintiff as a

1

result of Defendants' tortious and unlawful conduct, and alleges as follows:

## I. PARTIES, JURISDICTION, and VENUE

1. Plaintiff, CONNOR WILSON ("Wilson" or "Plaintiff"), is an individual over the age of 19, is domiciled in Florida, and a student at the University of Alabama ("UA") in Tuscaloosa, Alabama. At all relevant times, Wilson was a member of the national fraternity of Pi Kappa Phi, through the local chapter of Omicron. The local chapter of Omicron is a privately-held entity, with its principal place of business at 130 University Boulevard East, Tuscaloosa, Alabama 35401.

2. Defendant, PI KAPPA PHI FRATERNITY ("Pi Kappa Phi"), is a privately-held business entity, with its principal place of business at 3701 Arco Corporate Drive, Suite 500, Charlotte, North Carolina 28273. Defendant Pi Kappa Phi is a national fraternity that operates throughout the United States. At all relevant times, Defendant Pi Kappa Phi conducted business operations in Alabama through a local chapter at UA, with Defendants Henderson, Lugabihl, Perry and Rasnake acting as officers and/or agents on behalf of Defendant Pi Kappa Phi. At all relevant times, Wilson was a member of the national fraternity Defendant Pi Kappa Phi through the local chapter of Omicron.

3. Defendant, JAKE HENDERSON ("Henderson"), is an individual over the age of 19, and is a resident of North Carolina. At all relevant times, Defendant

2

Henderson served as an officer (specifically, as the Chief Executive Officer) and agent of Defendant Pi Kappa Phi. At all relevant times, Defendant Henderson was acting through and/or on behalf of Defendant Pi Kappa Phi in Tuscaloosa, Alabama.

4. Defendant, RYAN LUGABIHL ("Lugabihl"), is an individual over the age of 19, and is a resident of North Carolina. At all relevant times, Defendant Henderson served as an officer (specifically, as the Chief Collegiate Officer) and agent of Defendant Pi Kappa Phi,. At all relevant times, Defendant Henderson was acting through and/or on behalf of Defendant Pi Kappa Phi in Tuscaloosa, Alabama.

5. Defendant, SARA PERRY ("Perry") is an individual over the age of 19, and is a resident of North Carolina. At all relevant times, Defendant Perry served as an officer (specifically, as the Managing Director of Standards and Accountability) and agent of Defendant Pi Kappa Phi. At all relevant times, Defendant Perry was acting through and/or on behalf of Defendant Pi Kappa Phi in Tuscaloosa, Alabama. In addition, Defendant Perry became a part of the criminal investigation conducted by the University of Alabama Police Department.

6. Defendant, BLAKE RASNAKE ("Rasnake") is an individual over the age of 19, and is a resident of North Carolina. At all relevant times, Defendant Rasnake served as an officer (specifically, as the Senior Director of Finance and Chapter Services) and agent of Defendant Pi Kappa Phi. At all relevant times,

Defendant Rasnake was acting through and/or on behalf of Defendant Pi Kappa Phi in Tuscaloosa, Alabama.

## II.  BASIS FOR JURISDICTION

7. Plaintiff Wilson is a citizen of Florida, who has lived as a student at the University of Alabama in Tuscaloosa, Alabama since August 2022.

8. Defendant Pi Kappa Phi is incorporated under the laws of the State of North Carolina and has its principal place of business in the State of North Carolina.

9. Defendants Henderson, Lugabihl, Perry and Rasnake are citizens of North Carolina.

10. The amount in controversy is in excess of $75,000.00, not counting interest and court costs. Plaintiff Wilson is a student at the University of Alabama and at the beginning of his higher educational life and career. The Defendants' false statements and unfair treatment impacted his education and his ability to advance in his career.  The false statements wrongfully place Wilson at the scene of assaults and hazing when he was, in fact, not present.  In addition, Defendants published false statements about Wilson's lack of truthfulness and lack of cooperation in the investigation. These false statements will be associated with Wilson for the rest of his life and will forever label him as dishonest and a person associated with the wrongful acts.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

12. Venue is proper because the Defendants created, published and circulated false and damaging information regarding Wilson within the Northern District of Alabama.

13. The location of the assaults and hazing, which give rise to the false statements and publication thereof, occurred within the Northern District of Alabama.

14. Defendants' false statements intended to and did reach the citizens of Alabama, and elsewhere.

### III.  FACTUAL ALLEGATIONS

15. This action arises out of hazing incidents which occurred on August 25, 2024, and/or August 28, 2024, at the Pi Kappa Phi Omicron Chapter House at the University of Alabama in Tuscaloosa. Four members of the Omicron Chapter were each charged criminally with two counts of hazing in connection with the alleged incident.

16. Wilson was not present at the time of the hazing and was not charged criminally.

17. Following the hazing incidents and criminal charges, Defendants

5

conducted an investigation into the alleged events and the alleged perpetrators. Conducting the investigation were each of the individual Defendants as well as Phillip Jackson (Managing Director of Finance), Marc Ramirez (Communication Director) and David Clover (Director of Member Development).

18. On September 5, 2024, prior to interviewing Wilson, Defendant Perry met with the UA Police Department investigators and reviewed the video evidence gathered by the police. Perry was aware that Wilson was not present during the alleged hazing and the police had no evidence of wrongdoing by Wilson.

19. Wilson cooperated completely in Defendants' investigation including an interview in October of 2024 with Defendant Perry and other Defendants and a subsequent meeting in January 2025 with Defendant Henderson as well as other Defendants.

20. On both occasions and throughout the investigative process, Wilson was treated with disrespect, derision and accusations of lying.

21. At the time of the interviews, Wilson was a member of the United States Army's Reserve Officers' Training Corps ("ROTC") program at UA. Henderson who, upon information and belief, has no military background, stated to Wilson "If this were the military, you'd be dishonorably discharged." "You have no integrity."

22. Part of the methods used by Defendants in their investigation included

taking members of the Omicron Chapter to a Tuscaloosa hotel and providing alcohol to the members, even though some were under the age of 21.

23. As a result of the Defendants' investigation, Wilson was expelled from active membership in the Omicron Chapter as well as Pi Kappa Phi. Defendants made statements about Wilson's untruthfulness, refusal to cooperate and declared him to be a "high-risk" individual. These statements were spoken, written and circulated within the fraternity active members and to alumni.

24. Since the publication of false statements about Wilson, he has been wrongfully thrust into publicity regarding his participation in alleged hazing events and his lack of honesty.

25. Since the publication by Defendants, Wilson has experienced severe emotional distress because his life has been disrupted by the untrue statements linking him to criminal conduct and dishonesty.

26. Since the publication by Defendants, Wilson has experienced difficulties managing and processing comments made about him via social media causing anxiety and stress while he continues to pursue his educational endeavors.

27. Since the publication by Defendants, Wilson has been contacted by persons regarding his alleged involvement in the criminal activities and those interactions have been alarming, upsetting and have caused mental anguish and

harm.

## III. CAUSES OF ACTION

### COUNT I - DEFAMATION/LIBEL

28. Wilson hereby incorporates by reference all of the allegations contained in the preceding paragraph as though fully set forth herein.

29. Defendants failed to use reasonable care in publishing and disseminating the untrue statements regarding Wilson and his presence at a crime scene as well as his dishonesty.

30. The statements published and disseminated by Defendants exposed Wilson to public ridicule or contempt. Defendants were at least negligent in publishing false and defamatory statements concerning Wilson, which is actionable without having to prove special harm and/or actionable because Wilson suffered special harm.

31. At the direct and proximate result of Defendants' wrongful conduct, Wilson has suffered severe emotional distress for which there is no measurable dollar amount.

### COUNT II - DEFAMATION/SLANDER

32. Wilson hereby incorporates by reference all of the allegations contained in the preceding paragraph as though fully set forth herein.

8

33. Defendants failed to use reasonable care in publishing verbally and disseminating the untrue statements regarding Wilson and his presence at a crime scene as well as his dishonesty.

34. The statements published and disseminated by Defendants exposed Wilson to public ridicule or contempt. Defendants were at least negligent in verbally publishing false and defamatory statements concerning Wilson, which is actionable without having to prove special harm and/or actionable because Wilson suffered special harm.

35. At the direct and proximate result of Defendants' wrongful conduct, Wilson has suffered severe emotional distress for which there is no measurable dollar amount.

## COUNT III
## FALSE LIGHT INVASION OF PRIVACY

36. Wilson hereby incorporates by reference all of the allegations contained in the preceding paragraph as though full set forth herein.

37. Defendants publicized statements that Wilson was present at a crime scene and/or participated in the crime, when, in fact, Wilson was not present. Moreover, Defendant's statements imply that Wilson may have had some role in the criminal conduct.

38. These statements implied that Wilson may have been involved in criminal activity and may have withheld information of his presence at the crime scene from investigating public or private officials.

39. These false statements are highly offensive to any reasonable person.

40. The Defendants' conduct is especially egregious because the false statements regard a young man who is in the midst of his college education and career plans.

41. The statements made by Defendants would cause mental suffering, shame, or humiliation to a person of ordinary sensibility, and did cause mental suffering, shame and humiliation to Wilson.

42. As a direct and proximate result of Defendants' wrongful invasion of privacy, Wilson suffered the following damages: severe emotional distress, mental anguish, and loss of enjoyment of his life.

## PRAYER FOR RELIEF

WHEREFORE, Wilson respectfully requests that the Court:

1. Award him compensatory damages;

2. Award him punitive damages;

3. Award attorney's fees and costs incurred during the course of this litigation;

4. Grant to Wilson any and all relief to which he may be entitled; and,

5. Grant any further relief which this Court deems just and proper.

                    Respectfully Submitted,

                    /s/: Maxwell H. Pulliam
                    Maxwell H. Pulliam
                    Attorney for Plaintiff

OF COUNSEL:
MAXWELL H. PULLIAM, LLC
301 19th Street North
The Kress Building, Suite 519
Birmingham, AL 35206
(205) 314-0620
(205) 314-0621 (Fax)
max@mpulliam.com

Pi Kappa Phi Fraternity
3701 Arco Corporate Drive
Suite 500
Charlotte, North Carolina 28273

Jake Henderson
c/o Pi Kappa Phi Fraternity
3701 Arco Corporate Drive
Suite 500
Charlotte, North Carolina 28273

11

Ryan Lugabihl
c/o Pi Kappa Phi Fraternity
3701 Arco Corporate Drive
Suite 500
Charlotte, North Carolina 28273

Sara Perry
c/o Pi Kappa Phi Fraternity
3701 Arco Corporate Drive
Suite 500
Charlotte, North Carolina 28273

Blake Rasnake
c/o Pi Kappa Phi Fraternity
3701 Arco Corporate Drive
Suite 500
Charlotte, North Carolina 28273

12